UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

FREDDIE FRANCIS, JR.                    CASE NO.  6:24-CV-01749 SEC P

VERSUS                                  JUDGE ROBERT R. SUMMERHAYS

JUCITA LEMELLA, ET AL                   MAGISTRATE JUDGE AYO

## MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Freddie Francis, Jr.  Rec. Doc. 4.

## I.    STATEMENT OF THE CASE

According to the complaint, Francis suffers from a multitude of health issues. Specifically, he asserts that he has been diagnosed with a serious heart condition; cataracts in both eyes; brain damage; kidney failure; liver cancer; back, shoulder, and rotator cuff damage; COPD; sleep apnea; chest pain; high blood pressure; Type II diabetes; bone spurs in his right toe; left hip and ankle damage; damage in both knees; light-headedness; past stroke and heart attacks; no blood flow to the legs; 6.5 aortic aneurysm; thoracic anxiety; PAD; GERD; and Hepatitis C.  He alleges that the defendants have failed to provide medical treatment.

## II.    LAW AND ANALYSIS

### A. *Frivolity Review*

Francis has been granted leave to proceed *in forma pauperis* in this matter. Rec. Doc. 7. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Defendants

#### 1. Supervisory Defendants

Francis names Jessie Bellard, St. Landry Parish President; Bobby J. Guidroz, St. Landry Parish Sheriff; and Jucita Lemella, Supervisor of the Nursing Department at the jail, as defendants. Francis is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 113 S. Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), cert. denied, 104 S. Ct. 248 (1983). In other words, to the extent that Francis seeks to name supervisory officials as defendants, he must allege facts sufficient

to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### 2. Clerk of Court

Francis names Charles Jagneaux, 27th Judicial District Clerk of Court as a defendant. The Fifth Circuit has held that court personnel—including the Clerk of Court—are entitled to absolute immunity from suit to the extent that they are acting at a judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). A judge's law clerk is also absolutely immune from damage claims arising from actions taken by the law clerk in assisting the judge in carrying out his judicial functions. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Charles Jagneaux is immune from suit and should not be included in any amended complaint.

### 3. State Actors

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted).  A plaintiff may satisfy the "under color of state law" requirement of Section 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.

When amending to comply with Rule 8, as discussed below, Francis must also sufficiently allege that each named defendant is a state actor.

3

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following:

(1)  **the name(s) of each person who allegedly violated plaintiff's constitutional rights;**

(2)  **a description of what actually occurred or what each defendant did to violate plaintiff's rights;**

(3)  **the place and date(s) that each event occurred; and**

(4)  **a description of the alleged injury sustained as a result of the alleged violation.**

Francis should amend his complaint to provide the information required by Rule 8.

### D. *Failure to provide medical care*

The gravamen of the complaint is that Francis has been denied medical care. Francis must amend his complaint to provide more details. As a pretrial detainee, his constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The standard to apply in analyzing a claim asserting a denial of medical care by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)). The instant complaint is directed to an episodic act or omission.

4

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393-94 (5th Cir. 2000) (citation omitted). Thus, Francis must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643, 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

In order to prevail on such claims, a prisoner must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).

Moreover, a delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Francis must provide facts to establish that each named defendant displayed a subjective intent to cause harm. He should provide details regarding his requests for treatment, what medical attention he has—or has not—received, from whom, and the status of his health. He should allege facts to support a claim against <u>each named defendant</u> for denial of medical care.

5

### III.    CONCLUSION

Before this court determines the proper disposition of Francis' claims, he should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve Plaintiff Freddie Francis, Jr. with a copy of this Order.

**IT FURTHER ORDERED** that Francis amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims and/or defendants that he is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under Local Rule 41.3W.**

THUS DONE AND SIGNED in chambers this 28th day of May, 2025.

David J. Ayo
United States Magistrate Judge